**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 08-1855 JB

JAMES LATONE,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Objections to Presentence Report and Sentencing Memorandum, filed September 22, 2009 (Doc. 32). The Court held an evidentiary sentencing hearing on October 13, 2009. The primary issues are: (i) whether the Court should depart upward from Defendant James Latone's criminal history category of I to a criminal history category of II; and (ii) whether the Court should vary from the advisory guideline range of 33 to 41 months to a range of 18-24 months. The Court concludes that reliable information does not establish that a criminal history category of I substantially underrepresents the seriousness of Latone's criminal history or the likelihood that he will commit other crimes. For that reason, the reasons stated on the record, and other reasons consistent with those already stated, the Court concludes that an upward departure is not warranted and the Court will sustain Latone's objections. The Court will, however, deny Latone's request for a variance.

Latone was charged by indictment, filed August 13, 2008, with two offenses. Count I charges Latone with the crime of "assault . . . with a dangerous weapon . . . with intent to do bodily harm, without just cause or excuse. . . . In violation of 18 U.S.C. §§ 1153, 113(a)(3), and 2." Indictment at 1, filed August 13, 2008 (Doc. 11). Count II charges him with the crime of "assault

. . . with a dangerous weapon . . . resulting in serious bodily injury. . . . In violation of 18 U.S.C. §§ 1153, 113(a)(6), and 2." Indictment at 1. The charges arise from an incident occurring on July 13, 2008, in which Latone and his brother, Bryan Latone, allegedly attacked and stabbed Martin Chavez with a bone-handled folding knife that measured 7 ½ inches unfolded or 4 ½ inches with the blade closed. See Presentence Investigation Report ¶¶ 6-11, at 3-4 (dated July 15, 2009)("PSR"). Chavez suffered "two puncture wounds to his left back, a cut lip, and numerous abrasions and bruises." Id. ¶ 11, at 4.

## PROCEDURAL BACKGROUND

On May 21, Latone pled guilty to Count 2 of the indictment. See Plea Agreement, filed May 21, 2009 (Doc. 27). The United States agreed that it would dismiss Count 1 at the time of sentencing. See Plea Agreement ¶ 11, at 5. Latone's base offense level is 14. After modifications for the use of a dangerous weapon (+4) and resultant serious bodily injury to the victim (+5), and after a decrease for acceptance of responsibility (-3), Latone's modified offense level is 20. See PSR ¶¶ 21-30, at 6-7. Although Latone has a number of juvenile and tribal offenses in his criminal history, none impact his criminal history category, which remains at I. This combination of a criminal history category of I and an offense level of 20 yields a guideline imprisonment range of 33 to 41 months.

The Probation Office, in its PSR, suggests that the Court should grant an upward departure of Latone's criminal history category to a category II. See PSR ¶ 72, at 18. In support of this suggestion, the Probation Office cites Latone's numerous tribal adjudications. Four were juvenile adjudications in the Zuni Tribal Court, two of which would have added points to Latone's criminal history if the crimes had not been tribal adjudications and Latone had been an adult at the time he committed them. See id. Another three were adult convictions in Zuni Tribal Court, two of which

would have added to Latone's criminal history score had they not been tribal offenses. See id. Further, he was "serving a criminal justice sentence at the time he committed the instant offense on July 13." Id. The Probation Office asserts that, if these offenses were not tribal offenses, Latone would be looking at a criminal history category of III. According to the Probation Office, these tribal and/or juvenile offenses, which are not represented in Latone's criminal history category, warrant an upward departure in his criminal history category from I to II. See id. ¶¶ 71-72, at 18. The United States has adopted this analysis and seeks an upward departure in this case. See United States' Response to Defendant's Objections to Presentence Report and Sentencing Memorandum [Doc 32] at 4-5, filed October 8, 2009 (Doc. 33)("Response").

Latone objects to the probation officer's determination that his criminal history category should be increased to II. See Defendant's Objections to Presentence Report and Sentencing Memorandum at 1 ("Objections"). He asserts that, while U.S.S.G. § 4A1.3(a)(1) allows for an upward departure, it does so only "if reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history, or the likelihood that the defendant will commit other crimes." Objections at 1-2; U.S.S.G. § 4A1.3(a)(1). Essentially, Latone argues that there is no "reliable information" that indicates that his criminal history is underrepresented, and, even if there were, it would not show that his criminal history is "substantially" underrepresented. Objections at 2-3. Latone asks the Court to consider the sentencing goals and not rigidly adhere to the guidelines. See id. at 4-6.

Moreover, Latone asks that the Court, in light of several factors, consider a sentence below the sentencing guideline range -- a sentence in the range of 18 to 24 months. See Objections at 8. Specifically, he requests the Court to consider (i) the fact that this federal offense is Latone's first felony conviction; (ii) that prison time is more significant for a first-time offender; (iii) that Latone

lacked substantial guidance as a youth, given that both his parents had problems with alcohol abuse and he was raised in a single-parent home; (iv) that Latone was very young and immature at the time that he committed the federal crime in this case; and (v) that Latone, because of his age and immaturity, is likely to be the subject of abuse in prison. See id. at 8-9.

The Court has carefully considered the arguments of counsel and the record before the Court. Latone's record does not appear substantially different from that of other offenders off the state's reservations with a criminal history category of I, and so the Court will deny the upward departure that the United States requests. The tribal court gave a few days or community service as punishment for the tribal convictions, and the tribal court did not treat those offenses as seriously as the United States now requests the Court to do. The Court is reluctant to treat the prior offenses more seriously than did the tribal court. The Court thinks these prior convictions provide little indication how Latone will act in the future, because he has not received a sentence of long duration before this case. With the sentence in this case, he may act very differently in the future. Further, only two of his prior convictions -- both simple assaults -- were crimes of violence. See PSR ¶¶ 35, 37, at 10-11.[1] Moreover, the Court is reluctant to treat the juvenile offenses before the tribal court more seriously than it does non-tribal juvenile counts. There does not appear to be a good reason in this case to vary from the Guidelines' good judgment that the Court generally should not consider juvenile and tribal convictions in sentencing. There is little or no information about some of the tribal convictions, and therefore there is no reliable information to indicate that Latone's criminal history is substantially underrepresented.

At the same time, the seriousness of this federal crime and the extent of Latone's criminal

[1] One of Latone's simple assault convictions included a count for domestic violence because the victim was his brother, Bryan. See PSR ¶ 37, at 11.

history in the tribal court system indicates that a downward variance is likewise not appropriate. For the reasons stated above, the reasons stated on the record, and further reasons consistent with those already stated, the Court will deny the United States' request for an upward departure to Latone's criminal history category, deny Latone's request for a downward variance to a sentence within the range of 18 to 24 months, and sentence Latone to a term of 33 months in the custody of the Bureau of Prisons.

**IT IS ORDERED** that the Defendant's Objections to Presentence Report and Sentencing Memorandum is sustained in part and overruled in part. The Court sustains the objection to the upward departure in the Presentence Investigation Report from criminal history category I to category II. The Court denies Latone's request for a downward variance and imposes a sentence of 33 months in the custody of the Bureau of Prisons. Following the service of this sentence, Latone will be placed on supervised release for a period of three years and must comply with both the standard conditions of supervised release and the following mandatory conditions: (i) Latone will submit to DNA collection in compliance with statutory requirements while incarcerated; (ii) he will not possess under his control or have access to ammunition, explosive devices, or other dangerous weapons as defined by federal, state, or local law; and (iii) Latone must participate in and successfully complete a substance abuse program which may include drug testing and outpatient counseling.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Presiliano Torrez
  Assistant United States Attorney
United States Attorneys Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Michael A. Keefe
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*